# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

**JAMES WEST,**

    **Plaintiff,**

**v.**                                                       **Case No. 2:17-cv-03723**

**SIMONA SOUTHALL,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to a Standing Order (ECF No. 4), this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a Complaint (ECF No. 2).

## PROCEDURAL HISTORY

At the time he filed his Complaint, the plaintiff, James West, was incarcerated at the South Central Regional Jail ("SCRJ") in Charleston, West Virginia. He is presently incarcerated at the McDowell County Correctional Center serving a sentencing for malicious assault imposed by the Kanawha County Circuit Court on September 6, 2013 (Case No. 12-F-794). According to the West Virginia Division of Corrections' inmate locator on its website, the plaintiff is scheduled for a parole hearing on September 9, 2018, and has a discharge date of December 25, 2018.

The plaintiff's conclusory Complaint contains no factual allegations. It simply names the plaintiff's parole officer, Simona Southall, as the defendant and states "discharge me from parole." (ECF No. 2 at 5). On October 26, 2017, the Clerk's Office received a letter from the plaintiff inquiring as to the status of his case. (ECF No. 6). Because it is apparent from the face of the Complaint that it states no plausible claim for relief, the defendant has not been served with process and has not been required to answer the Complaint.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(a) and (b). A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, the court may not re-write the pleading to develop the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if,

viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50. This standard applies equally to the initial screening conducted under 28 U.S.C. § 1915A, where no Motion to Dismiss has been filed.

## **ANALYSIS**

The plaintiff's Complaint contains no federal constitutional or statutory claim or any legal basis for why he believes he should be discharged from parole. Moreover, the

3

Complaint contains no factual allegations concerning the conduct of the defendant. Thus, the Complaint fails to state any claim upon which relief can be granted.

This court has no authority to discharge the plaintiff from his state parole. Moreover, to the extent that the plaintiff's Complaint can be liberally construed to be requesting release from his present custody, such request amounts to a request for habeas corpus relief. The plaintiff provides no legal basis for his request, and he has not demonstrated that he has exhausted the available state court remedies before pursuing habeas corpus relief in federal court. Finally, to the extent that the plaintiff's request could be considered a request for mandamus relief, such relief is unavailable because a federal court cannot grant mandamus relief against a state official. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted and, thus, it is subject to dismissal under 28 U.S.C. § 1915A.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, without prejudice, for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days

(service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

July 3, 2018

Dwane L. Tinsley
United States Magistrate Judge